IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENEDY FRANKLIN,<br>and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXT LEVEL VALET LLC,<br>ANDIES SHEPHERD, AND<br>KYLE HUNTER BURKEY,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-01707<br>**COLLECTIVE ACTION** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KENEDY FRANKLIN (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, sues Defendants, NEXT LEVEL VALET LLC, ANDIES SHEPHERD, and KYLE HUNTER BURKEY (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof state as follows:

**SUMMARY**

1. Defendants operate a valet parking service in various locations in Texas. Plaintiff has worked for Defendants as a valet for almost three years. Defendants failed to pay their valets the required federal minimum wage for each hour worked and misappropriated the valets' tips in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is an action by Plaintiff against his employers for unpaid wages, retained tips, and liquidated damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants have offices Travis County, Texas.

## THE PARTIES

5. Plaintiff KENEDY FRANKLIN is an individual residing in Travis County, Texas, and has worked as a valet for Defendants' business since September 15, 2022.

6. Defendant NEXT LEVEL VALET LLC is a limited liability company formed and existing under the laws of the State of Texas and operates a valet service.

7. Defendant ANDIES SHEPHERD is an individual residing in Williamson County, Texas, and at all times material to this matter was a managing member of the defendant limited liability company, NEXT LEVEL VALET LLC

(hereinafter referred to as "NLV").

8. Defendant KYLE HUNTER BURKEY is an individual residing in Johnson County, Texas, and at all times material to this matter was a managing member of NLV.

9. Defendants, ANDIES SHEPHERD and KYLE HUNTER BURKEY, are individuals who at all times relevant to this matter acted directly or indirectly in the interest of NLV in relationship to Plaintiff, and others similarly situated. By virtue of these activities, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

10. Defendants ANDIES SHEPHERD and KYLE HUNTER BURKEY (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendants ANDIES SHEPHERD and KYLE HUNTER BURKEY are statutory employers under the FLSA.

11. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

12. Throughout Plaintiff's employment, NLV employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. Throughout Plaintiff's employment, NLV was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. Throughout Plaintiff's employment, Defendants were the employer of the Plaintiff, and others similarly situated, and as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendants for their employment.

15. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce, *e.g.*, vehicles, cell phones, *etc*, that were manufactured outside of the state of Texas.

16. Plaintiff, and others similarly situated, were individually engaged in commerce and produced goods for commerce, and their work was directly and vitally related to the functioning of Defendants' business activities.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff, and others similarly situated, 1) occupied the position of "valet;" 2) did not hold a position considered as exempt under the FLSA; 3) were

paid on an hourly basis; 4) had tips unlawfully retained by the Defendants; and 5) were paid below the then-current minimum wage.

19. At all times material to this claim, NLV applied the tip credit permitted under the FLSA and paid its valets, including the Plaintiff, $2.13 per hour.

20. The Defendants required the valets to participate in a tip pooling arrangement which resulted in NLV retaining a portion of the valets' tips.

21. During Plaintiff's employment, NLV's management deducted varying amounts per shift from the valets' tips based on the number of valet tickets issued. At other times, Defendants retained $14.00 in valet tips for each hour a valet would work. In addition, Defendants retained 11% of valet tips paid through credit cards.

22. Despite retaining some of the valets' tips, Defendants claimed a tip credit as to the minimum wage. Such an arrangement is prohibited under the FLSA, *see* 29 U.S.C. §203(m)(2)(B).

23. Throughout the employment of Plaintiff, and others similarly situated, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by retaining the tips earned by Plaintiff, and others similarly situated, and by failing to compensate Plaintiff, and others similarly situated, at a rate not less than the current minimum wage of $7.25 an hour for each hour worked in a workweek.

24. Pending any modifications necessitated by discovery, Plaintiff

preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER VALETS OF NEXT LEVEL VALET LLC WHO WORKED ANY TIME DURING THE PAST THREE YEARS.

25. This action is properly brought as a collective action for the following reasons:

a. The Class is so numerous that joinder of all Class Members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

26. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan regarding employee wages and hours.

27. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied minimum wages and had tips unlawfully retained while employed by Defendants.

28. Plaintiff is a representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

29. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

30. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff and all others similarly situated are entitled to an award of liquidated damages in an equal amount as the amount of retained tips and unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

31. As a result of Defendants' unlawful conduct, Plaintiff, and all others similarly situated, are entitled to actual and compensatory damages, including the amount of unlawfully retained tips and minimum wages which was not paid that should have been paid.

32. Plaintiff, and all others similarly situated, are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, KENEDY FRANKLIN, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

a. Determining that the action is properly maintained as a class and/or collective action, appointing Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

PLAINTIFF and others similarly situated, demand a jury trial on all issues so triable.

Respectfully submitted this June 25, 2026.

**ROSS SCALISE BEELER AND PILLISCHER LAW GROUP**



**Charles L. Scalise**
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**